UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTONIO WALTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:25-CV-230-PPS-JEM |
| NICHOLAS WARDRIP, | |
| Defendant. | |

OPINION AND ORDER

Antonio Walton, a prisoner without a lawyer, filed a complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Walton alleges that Nickolas Wardrip, a task force officer with the FBI GRIT task force (ECF 8-3 at 11), was present when a grand jury witness testified that her name was Cindy Hunt when her true name was Cindy Wolf. Walton indicates that Wardrip knew at that time that the witness's true name was Cindy Wolf and he did not intervene to prevent the false statement from being considered by the grand jury. Walton contends that, if the grand jury had known the witness's true name, they would have also learned

of her criminal history and would have discredited her testimony. And, the argument goes, he would not have been indicted or convicted. Walton seeks a declaration that his due process rights were violated in his criminal case. He also seeks monetary damages.

I find Walton's argument curious because the portions of the transcripts that Walton has provided to the court show that the grand jury knew that Wolf was in jail at the time she testified and knew that she had a history of drug use. ECF 8-3 at 5. It's pure speculation to assume that the outcome of the grand jury proceedings would have been different if they'd known additional details about Wolf's criminal history, or, for that matter, that her real name would have led to such additional disclosures. Moreover, the documents Walton provided show that Wardrip testified before the grand jury that indicted Walton, and he told them that Hunt was not the witness's true last name. In short, nothing in Walton's complaint suggests her false statement about her name was in any way material to the grand jury's decision to indict Walton. *See United States v. Thomas*, 987 F.2d 1298, 1300 (7th Cir. 1993) (citing *Mooney v. Holohan*, 294 U.S. 103, 112 (1935) for the proposition that the government's knowing use of perjured testimony at trial violates due process when the perjury could deceive the jury into *unjustly* convicting a defendant) (emphasis added).

To the extent Walton seeks an order declaring that his rights were violated in his federal criminal case such that he is being wrongfully incarcerated, this type of relief cannot be obtained in a civil rights action. That relief can only be pursued in the criminal case or in a habeas proceeding under 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–89 (1973) (habeas corpus is the exclusive civil remedy for a state

2

prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005).

To the extent that Walton is seeking monetary damages, he has an additional problem. Wardrip is a federal officer. A constitutional claim against a federal officer for money damages must be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983. *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) ("[A]n action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law[.]"). There is room for debate about whether Walton's allegations regarding false testimony before the grand jury fall within *Bivens,* but for purposes of this order I will assume that they do. *See Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 564 (7th Cir. 2022) ("As a result, we are not persuaded that [*Ziglar v. Abbasi*, 582 U.S. 120 (2017)] or *Hernández [v. Mesa*, 589 U.S. 93 (2020)] overturned the line of cases recognizing Fourth Amendment *Bivens* claims based on fabricated warrant affidavits and/or grand jury testimony.").

Walton does not allege that his conviction has been overturned. In fact, I sentenced Walton in *Walton v. United States*, 2:17-CR-47-PPS-JEM (sentencing held Mar. 11, 2021), and more recently I denied Walton's petition pursuant to 28 U.S.C. § 2255 in *Walton v. United States*, 2:24-CV-61-PPS (Dec. 30, 2024, order denying petition). Without his conviction being overturned, Walton cannot pursue a *Bivens* claim based on an allegation that he is innocent, that the evidence against him was false, or that his constitutional rights were violated during his trial, because such claims necessarily imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);

3

*Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("Addressing the *Bivens* claim, we conclude that the district court properly determined that Clemente's claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)."); *Johnston v. Ward*, No. 21-1221, 2021 WL 4894487, at *1 (7th Cir. Oct. 20, 2021) ("We have long held that similarities between *Bivens* actions and suits under 42 U.S.C. § 1983 warrant the application of *Heck* to *Bivens* claims."). Walton specifically pleads that he would not have been indicted if the grand jury had learned that the woman who identified herself as Cindy Hunt was in fact Cindy Wolf, and that he does not "deserve to be punished by default due to some false testimony given to the grand jury." ECF 8 at 2. Accepting the allegations contained in the complaint as true, as I must, a finding in Walton's favor would undermine his conviction. Thus, any claim that Walton may have for damages under *Bivens* is premature. He may raise his claim only after he succeeds in having his conviction set aside.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A because the complaint does not state a claim and because any potential

claims are barred by *Heck*. Additionally, the court DENIES Walton's Motion to Amend (ECF 6) as MOOT because he subsequently filed an amended complaint (ECF 8).

SO ORDERED on October 9, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT